UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JOSHUA TEMPLE and <br> JILLIAN TEMPLE, <br>     Plaintiffs, <br> vs. <br> WAUSAU HOMES INCORPORATED, <br> PHILLIPS BUILDERS, LLC, and <br> SCOTT PHILLIPS, <br>     Defendants. | Case No. 5:24-cv-06084 |

**DEFENDANT WAUSAU HOMES INCORPORATED'S SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' FIRST MOTION FOR EXTENSION OF TIME AND TO AMEND CASE MANAGEMENT ORDER**

Defendant Wausau Homes Incorporated ("Wausau Homes"), by and through its attorneys of record, Brown & James, P.C., and for its Suggestions in Opposition to Plaintiff's Motion for Extension of Time and to Amend Case Management Order (Doc. 29) states as follows:

**INTRODUCTION**

The request for a six-month extension should be denied because (1) Plaintiffs did not propound any written discovery until April 17, 2025 and have only taken one deposition; and (2) they have not complied with local rule (16.3).

**FACTUAL BACKGROUND**

On October 31, 2024, this Court entered its Scheduling and Trial Order, which requires that discovery in this matter be completed by April 29, 2025. (Doc. 18). On January 10, 2025, the parties filed a Joint Motion for Extension of Time and to Amend Certain Items and Deadlines in Case Management Order. (Doc. 22). This motion was sustained and the deadline for Plaintiffs to designate their expert witnesses was extended to January 31, 2025 and the deadline for Wausau

1

Homes to designate its expert witnesses was extended to March 14, 2025. (Doc. 23). All other deadlines in the Court's Scheduling and Trial Order remained in effect. (*Id.*).

On April 10, 2025, five (5) months after the Court's Scheduling and Trial Order was entered, Plaintiffs filed their First Motion for Extension of Time and to Amend Case Management Order ("Plaintiffs' First Motion for Extension"). (Doc. 29). Plaintiffs' First Motion for Extension requests that the Court extend all current discovery deadlines in this matter by six (6) months, which would make the discovery deadline October 29, 2025. (*Id.* at ¶¶ 8; 9). Plaintiffs further request that the current trial date be moved to June 15, 2026. (*Id.* at ¶ 9).

Plaintiffs have not demonstrated good cause to amend the Court's Scheduling and Trial Order to extend the discovery deadline by six (6) months. Wausau Homes agrees that limited additional discovery may be required because of information obtained during the depositions of Plaintiffs Joshua Temple and Jillian Temple taken on March 18, 2025; however, it is anticipated this discovery could be completed if the current deadlines were extended by one month.

## LEGAL STANDARD

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). The Local Rules also require that a motion to modify the scheduling order describe the remaining discovery, including "the names of each remaining deponent and the date, time, and place of each remaining deposition." Local Rule 16.3(a)(2). Pursuant to the Local Rules, Plaintiffs must also demonstrate "there has been active discovery" or "that disabling circumstances precluded active discovery." Local Rule 16.3(b).

2

# ARGUMENT

Plaintiffs have not demonstrated good cause to amend the Scheduling and Trial Order to allow for an additional six (6) months of discovery because they have failed to act diligently in attempting to meet the current deadlines. Plaintiffs' First Motion for Extension is correct that the parties previously agreed that the close of discovery would be November 10, 2025 in their Joint Report of the Parties and Proposed Scheduling and Discovery Order. (Doc. 16). However, once the Court entered its Scheduling Order and Trial Order on October 31, 2024, Wausau Homes has made every effort to comply with the Court's deadlines. Wausau Homes served written discovery requests to Plaintiffs on or about November 26, 2024. (Doc. 21). Wausau Homes also deposed Plaintiffs on March 18, 2025. (Exhibit A, *Declaration of Kristie S. Crawford* at ¶ 9).

Plaintiffs did not serve interrogatories or requests for production to Wausau Homes until April 17, 2025. (*Id.* at ¶ 3). The Scheduling and Trial Order specifically stated that all discovery requests were to be submitted prior to the discovery deadline and were to allow "sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Rules, and/or this Court's Orders." (Doc. 18 at page 2). The deadline for completing discovery is April 29, 2025; therefore, Wausau Homes would not have thirty (30) days to respond to Plaintiffs' interrogatories and requests for production as provided for by Federal Rules of Civil Procedure 33 and 34.

The only interrogatories and requests for production served to Wausau Homes prior to the filing of Plaintiffs' First Motion for Extension of Time and to Amend Case Management Order (Doc. 29) were served in the lawsuit captioned *Christina Francis and Cole Francis v. Wausau Homes Incorporated, et al.*, Case No. 5:23-cv-06019-SRB (W.D. Mo.) ("Francis Lawsuit"). (*Id.*). Due to the voluminous records produced in that lawsuit, Wausau Homes has not objected to

those records being used in the current lawsuit. However, Plaintiffs' counsel did not serve any written discovery requests to Wausau Homes in any lawsuit between October 3, 2024 and April 17, 2025. (*Id.*). Plaintiffs claim they now need additional time to propound discovery requests and seek production of additional documents. Plaintiffs have given no explanation as to why they did not propounded discovery requests to Wausau Homes after the Court's Scheduling and Trial Order was entered and before the filing of their First Motion for Extension.

Plaintiffs' First Motion for Extension also claims Plaintiffs need to conduct additional depositions. The only deposition taken on behalf of Plaintiffs Joshua Temple and Jillian Temple to date is the deposition of Jay Schuette, Wausau Homes' President and CEO, which was taken on January 20, 2025. (Exhibit A at ¶ 10)[1]. Mr. Schuette's deposition was originally noticed in the Francis Lawsuit. Plaintiffs Joshua Temple and Jillian Temple filed a Cross-Notice of Deposition on January 15, 2025. (Doc. 24).

Plaintiffs' First Motion for Extension states there is a need to depose Mary Frederick, Wausau Homes' former employee; Wausau Homes' representative pursuant to Rule 30(b)(6); and potentially "some or all of the 18 non-retained experts disclosed in this matter.[2]" (Doc. 29 at FN 4). Plaintiffs have provided no explanation as to why these depositions were not scheduled prior to the filing of their motion.

In November 2024, counsel for Wausau Homes informed Plaintiffs' counsel that she did not believe she would be able to produce Wausau Homes' former employees for deposition. (Exhibit A at ¶ 5). In December 2024, Ms. Frederick's last known address, email address, and

---

[1] The parties discussed scheduling the deposition of Chris Menard, Wausau Homes' employee, for January 20, 2025; however, Plaintiffs' counsel later elected to depose only Mr. Schuette on that date. (Exhibit A at ¶ 8).

[2] All non-retained experts referred to by Plaintiffs were disclosed by Plaintiffs. Wausau Homes has not disclosed any expert witnesses. (Exhibit A at ¶ 12).

4

telephone number was provided to Plaintiffs' counsel via email. (*Id.* at ¶ 7). There was nothing prohibiting Plaintiffs' counsel from contacting Ms. Frederick once her contact information was provided but Plaintiffs' counsel took no action to scheduled Ms. Frederick's deposition. It appears that Plaintiffs' counsel did not request to schedule the deposition of any Wausau Homes current or former employees from January 20, 2025 until they contacted Wausau Homes' counsel on April 7, 2025 regarding scheduling Ms. Frederick's deposition. (Exhibit A at ¶ 13). On April 8, 2025, Plaintiffs' counsel was informed that Wausau Homes could not produce Ms. Frederick for deposition and reminded that her contact information was provided last December. (*Id.* at ¶ 14). To Wausau Homes' knowledge, Plaintiffs' counsel has not taken any steps to schedule Ms. Frederick's deposition since.

Furthermore, Plaintiffs' counsel has never provided Wausau Homes a list of matters for examination of Wausau Homes' representative(s) as required by Rule 30(b)(6). Nor have they requested Wausau Homes' counsel's available dates so that the depositions of some or all of Plaintiffs' non-retained experts could be scheduled.

Although not mentioned in Plaintiffs' First Motion for Extension, there were issues raised during Plaintiffs' depositions in March 2025 regarding their claimed damages that may warrant obtaining documents from third parties via subpoenas. However, obtaining such documents through subpoenas should not require an additional six (6) months. Wausau Homes believes an additional month of discovery should be sufficient to obtain any necessary documents from third parties.

**CONCLUSION**

The Court's Scheduling and Trial Order has been in place since October 31, 2024. Since that time, Wausau Homes has made every effort to comply with that Order while Plaintiffs have

5

only initiated minimal discovery through the Francis Lawsuit. Plaintiffs have not demonstrated diligence in attempting to comply with the Court's Scheduling and Trial Order; therefore, their request that the discovery deadlines in this case be extended by six (6) months should be denied. However, Wausau Homes believes a one-month extension of the discovery deadline would be reasonable.

WHEREFORE, Defendant Wausau Homes Incorporated respectfully requests that Plaintiffs' First Motion for Extension of Time and to Amend Case Management Order (Doc. 29) be denied in part, that the current deadlines be extended by one month, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

    */s/ Kristie S. Crawford*
Kristie S. Crawford, #52039
BROWN & JAMES, P.C.
300 John Q. Hammons Parkway, Ste 603
Springfield, MO 65806
417-831-1412 telephone
417-831-6062 facsimile
kcrawford@bjpc.com
**Attorneys for Defendant**
**Wausau Homes Incorporated**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically using the Court's CM/ECF system on this 21st day of April, 2025, on the counsel of record listed below:

Ryan A. Keane
Tanner A. Kirksey
Keane Law, LLC
7711 Bonhomme Ave., Ste. 600
St. Louis, MO 63105
ryan@keanelawllc.com
tanner@keanelawllc.com

Nicholas Savio
Matthew Clifford
Clifford & Savio LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
nick@cliffordsaviolaw.com
matt@cliffordsaviolaw.com

*Attorneys for Plaintiffs*

         */s/ Kristie S. Crawford*

31811364.1