**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| JOSHUA TEMPLE and JILLIAN TEMPLE,<br><br>Plaintiffs,<br><br>v.<br><br>WAUSAU HOMES INCORPORATED, et al.,<br><br>Defendants. | ) | Case No. 5:24-cv-06084 |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

COME NOW Plaintiffs Joshua Temple and Jillian Temple, by and through their undersigned counsel, and for their Motion for Default Judgment against Defendants Phillips Builders LLC and Scott Phillips, pursuant to Fed. R. Civ. P. 55(b) and W.D. Mo. Local Rule 55.1. In support of their motion, Plaintiffs respectfully state as follows:

**I. Default Procedural History of Scott Phillips and Phillips Builders**

On July 28, 2024, Defendants Scott Phillips and Phillips Builders LLC were properly served with the Summons and Complaint in this matter. *See* ECF 4, 5. Defendants have not entered their appearance, responded to the Complaint, or otherwise appeared in this action.

On April 1, 2026, Defendants were given proper notice of Plaintiffs' intention to move for entry of default judgment against them. Specifically, Defendants were notified that "Plaintiffs Joshua and Jillian Temple intend to move for Default Judgment against Scott Phillips and Phillips Builders LLC by filing a Motion for Default Judgment in the above-referenced matter. See Fed. R. Civ. P. 55; W.D.Mo. Local Rule 55.1(a)(1)." *See* Notice attached hereto as Exhibit 1.

After Plaintiffs gave proper notice to Defendants and received no response, Plaintiffs filed their

Motion for Entry of Default Judgment on May 4, 2026. *See* ECF 116. Defendants still have not appeared or otherwise acted to defend this action.

Accordingly, and in light of Defendants' default and continued non-participation in this case, Plaintiffs hereby respectfully request that the Court enter judgment against Defendants upon their claims as requested by their Motion.

## II. Argument

### A. Plaintiffs are Entitled to Entry of Default Judgment Against Defendants

According to the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1). If a defendant fails to file an answer, default judgment may be sought against that defendant. Fed. R. Civ. P. 55. Prior to seeking a default judgment, an entry of default pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1(b) must be sought and an entry must have been entered by the Clerk of Court. W.D. Mo Local Rule 55.1(b)(1).

Upon Plaintiffs' notice and motion, in accordance with the applicable rules, an Entry of Default was entered by the Clerk of Court on August 28, 2026, against Defendants. *See* ECF 123. Once the Clerk of Court has entered a default, the entry of default judgment is committed to the sound discretion of this Court. *Ackra Direct Mktg. Corp. v. Fingerhut Corp*., 86 F.3d 852, 856 (8th Cir. 1996). As established by this Circuit, entry of a default judgment is appropriate where the defaulting party's failure to defend is "willful, contumacious, or intentional" such as where the party "total[ly] fail[s] to participate in the litigation" in any capacity. *Id*. at 856-57. Thus, a default judgment is appropriate when a defendant is "a totally unresponsive party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Thuneibat v. Syrian Arab Republic*, 167 F.Supp.3d 22, 32 (D.D.C. 2016) (internal quotations omitted);

*S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421-22 (D. Md. 2005) (finding where defendant had been unresponsive for more than a year despite ample notice of impending judgment by default).

Here, Defendants have wholly failed to participate in this litigation. Such a failure is a sufficient basis for entry of default judgment under the same reasoning in *Fingerhut*. See 86 F.3d at 856-57 (finding default judgment was warranted where the defaulting party had failed to participate in litigation for several months). Defendants have failed to defend despite the passing of the answer deadline and the efforts of Plaintiffs to reach them, as such this indicates Defendants do not intend to respond or defend the suit pending against them. Therefore, Entry of Default Judgment against Defendants is appropriate.

**B. The Causes of Action Against Defendants are Properly Established**

Defendants' liability in this matter is amply supported by the record and the allegations established by Plaintiffs. The Court has the authority to adopt all well-pleaded facts as set forth in Plaintiffs' Complaint as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The Court also has the authority to find the unchallenged facts as set forth in Plaintiffs' Complaint constitute legitimate causes of action against Defendants. *Marshall v. Baggett*, 616 F.3d 849, 853 (8th Cir. 2010); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Further, this Circuit has explained, "[i]f the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint except as to the amount of damages are taken as true. If the default is established, the defendant has no further standing to contest the merits of plaintiff's right to recover." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, pp. 85-86 (1958)).

In their Complaint, Plaintiffs allege the following causes of action against Defendants: Count I for Violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, et seq.; Count VI for Breach of Implied Warranty; Count VII for Breach of Contract; Count VIII for Breach of the Covenant of Good Faith and Fair Dealing; Count IX for Fraud; Count X for Negligence; Count XI for Breach of Express Warranty; and Count XII for Temporary Nuisance. *See* Complaint, ECF 1.

As such, Plaintiffs' well-pleaded factual allegations establish Defendants' liability, and that Plaintiffs are entitled to prevail on the merits of their claims. Plaintiffs have established the elements for each cause of action against Defendants as seen in Plaintiffs' Complaint. Defendants have wholly failed to challenge any of the facts set forth in Plaintiffs' Complaint nor do Defendants contest any of the factual allegations set forth in the Complaint, thus the Court can reasonably accept the facts as true. *Marshall*, 616 F.3d at 852.

### C. The Requested Relief by Plaintiffs is Supported and Appropriate

For their relief in this case, Plaintiffs pray for entry of judgment (1) awarding Plaintiffs at least **$282,345.71** in economic damages for the losses resulting from Defendants' actions and inactions; (2) awarding Plaintiffs at least **$300,000.00** in non-economic damages; (3) awarding Plaintiffs a minimum of **$98,525.00** for their attorneys' fees incurred in connection with this suit; and (4) awarding post-judgment interest. Each of these remedies is justified and should be granted here, as discussed below.

#### 1. Economic Damages

Based on Plaintiffs' claims for Breach of Contract, Breach of Implied Warranty, Breach of the Covenant of Good Faith and Fair Dealing, Fraud, Negligence, and Breach of Express Warranty, the Court is entitled to award actual and proximate damages to Plaintiffs as part of a judgment against Defendants. See *Rhoden v. Missouri Delta Medical Center*, 621 S.W.3d 469 (Mo. 2021); *City of*

*Kennett v. Akers*, 564 S.W.2d 41, 50 (Mo. 1978); *Stegan v. H. W. Freeman Const. Co*., 637 S.W.2d 794, 798 (Mo. Ct. App. 1982); *Hernandez v. Westoak Realty & Inv., Inc*., 771 S.W.2d 876, 881 (Mo. Ct. App. 1989); *Aetna Ins. Co. v. Hellmuth, Obata & Kassabaum, Inc*., 392 F.2d 472, 476 (8th Cir. 1968) and *see* § 34:12. Damages, 34B Mo. Prac., Personal Injury and Torts Handbook § 34:12 (2023 ed.).

In support of their request for economic (actual and proximate) damages, an Affidavit from Plaintiffs Joshua Temple and Jillian Temple has been provided. *See* Affidavit attached hereto as Exhibit 2. Affidavit evidence is sufficient to support an award of damages for purposes of a default judgment. See e.g., *Iron Workers St. Louis Dist. v. Arrow Fence, Inc*., 4:11CV02019 AGF, 2013 WL 991658, at *2 (E.D. Mo. Mar. 13, 2013) ("[A] court has discretion to determine damages based on 'detailed affidavits or documentary evidence.'") (quoting I*nt'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co*., 239 F.Supp.2d 26, 30 (D.D.C. 2002).

As set forth in Plaintiffs' affidavit, Defendants' actions and inactions in connection with the construction of the Temple Residence resulted in economic damages in the amount of **$282,345.71**. Temple Aff. ¶ 24. Plaintiffs suffered not only from Defendants' broken promises of a completed home delivered on time, at a firm price, and built to their specifications, but also from significant, unforeseen expenses incurred in remedying those breaches. In addition to projected repair and completion costs, the delays caused Plaintiffs to incur unplanned damages including, but not limited to, monthly lease payments for temporary housing, additional out-of-pocket living expenses, and additional years of Builder's Risk insurance. Temple Aff. ¶¶ 15-19.

Accordingly, there is sufficient evidence and support for the default damages award sought by Plaintiffs.

### 2. Non-Economic Damages

In addition, non-economic damages are appropriate in this matter under Plaintiffs' causes of action, including fraud, violation of the Missouri Merchandising Practices Act ("MMPA"), negligence, and temporary nuisance. See *Fetick v. Am. Cyanamid Co*., 38 S.W.3d 415, 419 (Mo. 2001) (citing cases); *McGinnis v. Northland Ready Mix, Inc.,* 344 S.W.3d 804, 812 (Mo. App. W.D. 2011); *Peters v. ContiGroup*, 292 S.W.3d 380, 385 (Mo. Ct. App. W.D. 2009); *Baryo v. Phillip Morris USA, Inc*., 435 F.Supp.2d 961, 967-68 (W.D. Mo. 2006); *Pleasant v. Noble Finance Corp*., 54 F.Supp.3d 1071, 1079 (W.D. Mo. 2014).

Here, the non-economic harm is neither speculative nor fleeting, but the direct and foreseeable result of Defendants' unlawful, willful, and malicious conduct. Because the home was not completed "on time," the Temples had to devote significant time and energy away from their work, family life, and normal responsibilities simply to create and maintain a habitable living space. Temple Aff. ¶ 20. During this time, the Temples had to endure numerous hardships, including missed family holidays and important memories, marriage counseling, and additional anxiety and stress. Temple Aff. ¶ 21. The Temples also had to pull their children out of their preferred schools due to lack of funds which had to be reapplied to finish the construction on the home. Temple Aff. ¶ 21. These circumstances demonstrate concrete, ongoing emotional distress and loss of the comfort and enjoyment of a normal family life proximately caused by Defendants' conduct, warranting an award of non-economic damages as part of the Court's default judgment in the amount of **$300,000.00**.

### 3. Attorneys' Fees

Attorneys' fees are proper damages in this matter pursuant to Mo. Rev. Stat. § 407.025 (the MMPA). Per the statute: "The court may, in its discretion: (1) Award punitive damages; (2) Award to the prevailing party attorney's fees, based on the amount of time reasonably expended; and (3) Provide

such equitable relief as it deems necessary or proper to protect the prevailing party from the methods, acts, or practices declared unlawful by section 407.020." Mo. Ann. Stat. § 407.025.

In this matter, an award of attorneys' fees is proper in maintaining the purpose of protecting the consumer when the MMPA is at issue. The fundamental purpose of the MMPA is the "protection of consumers," and to promote that purpose, the act prohibits false, fraudulent or deceptive merchandising practices. *Huch v. Charter Communications, Inc*., 290 S.W.3d 721,7224 (Mo. banc 2009); section 407.020. The MMPA is "paternalistic legislation designed to protect those that could not otherwise protect themselves." *Id*. at 725-26 (quoting *High Life Sales Co. v. Brown-Forman Corp*., 823 S.W.2d 493, 498 (Mo. banc 1992) (citations omitted). The legislature granted discretion to the trial court to award, "in addition to damages, injunction or other equitable relief and reasonable attorneys' fees." *Ostermeier v. Prime Properties Investments Inc*., 589 S.W.3d 1, 7 (Mo. App. W.D. 2019); *See* Section 407.025. These remedial measures are designed not only to remedy violations of the MMPA, but also prospectively to deter prohibited conduct and protect Missouri citizens. *Id*. (citing *Scott v. Blue Springs Ford Sales, Inc*., 176 S.W.3d 140, 143 (Mo. banc 2005). Missouri courts have emphasized that legislative goal of protecting citizens through remedying MMPA violations, and fostering that purpose by encouraging private counsel to engage in MMPA litigation through an award of attorneys' fees. *Ostermeier*, 589 S.W.3d at 7 (citing *Berry v. Volkswagen Group of America, Inc*., 397 S.W.3d 425 (Mo. banc 2013).

In applying the well-established standards set by Missouri courts in their application of the MMPA, an award of attorneys' fees in this matter is proper and well-supported. *Grabinski v. Blue Springs Ford Sales, Inc*., 203 F.3d 1024, 1027 (8th Cir. 2000) (recognizing the standards utilized by the Missouri Supreme Court as controlling on the issue of when attorneys' fees should be awarded under the MMPA). Additionally, in support of an award of attorneys' fees, an attached declaration

from counsel also sets forth the current amount of attorney time spent in the litigation of this matter. *See* Declaration, attached hereto as Exhibit 3. The current attorneys' fees in this matter are **$98,525.00**. Accordingly, Plaintiffs are entitled to an award of reasonable attorneys' fees, and respectfully requests that the Court enter judgment awarding such fees.

**4. Post-Judgment Interest**

Post-judgment interest is proper as damages in this matter pursuant to 28 U.S.C. 1961, which rate as of the date of filing is currently at **4.05%** as "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" per the statute.

Accordingly, Plaintiffs are entitled to post-judgment interest accruing from the date of judgment until all damages are paid in full, and respectfully request that the Court enter judgment awarding such interest at the maximum rate allowable by law.

**5. Declaration in Support of this Motion**

A declaration is attached from counsel that confirms to the best of Plaintiffs' knowledge and belief neither of the parties against whom this default judgment is sought are an infant, incompetent person, or are represented by a general guardian, conservator, or other like fiduciary. *See* Local Rule 55.1(b). Similarly, this declaration confirms to the best of Plaintiffs' knowledge and belief the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501-597b, does not apply. *Id*. The current Motion therefore does not require any additional action on these grounds.

**III. Conclusion**

Defendants were properly served with the Complaint and given ample opportunity to respond to its allegations, but have failed to do so and failed to engage in this case. Thus, and for the foregoing

reasons set forth above, Plaintiffs respectfully request that the Court grant its Motion for Default Judgment against Defendants and issue an Order of Judgment awarding Plaintiffs their requested relief, but not limited to economic damages, non-economic damages, interest, and attorneys' fees.

Dated: September 1, 2026

Respectfully submitted,

**KEANE LAW LLC**

*/s/ Ryan A. Keane*
Ryan A. Keane, #62112MO
7711 Bonhomme Ave, Suite 600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com

and

**CLIFFORD & SAVIO LLC**

Nicholas Savio MO #67146
Matthew Clifford MO #64785
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
T: (816) 255-2775
nick@cliffordsaviolaw.com
matt@cliffordaviolaw.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served electronically upon all counsel of record via the CM/ECF system on September 1, 2026. In addition, a true and accurate copy of the foregoing was served on the following via mailed copy:

Phillips Builders, LLC
c/o Scott Phillips
216 W. Walnut Street
Clarinda, Iowa 51632

and

Scott Phillips
216 W. Walnut Street
Clarinda, Iowa 51632

*/s/ Ryan A. Keane*