**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| JOSHUA TEMPLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAUSAU HOMES INCORPORATED, et al.,<br><br>Defendants. | ) | Case No. 5:24-CV-06084-BCW |

**ORDER**

Before the Court is Plaintiffs Joshua Temple and Jillian Temple's Motion for Default Judgment, requesting the Court enter judgment in their favor and against Defendants Phillips Builders, LLC and Scott Phillips (collectively "Defendants") and award economic and non-economic damages, attorneys' fees, and post-judgment interest. (Docs. #124, #125). The Court, being duly advised of the premises, grants in part and denies in part said motion.

**BACKGROUND**

On July 11, 2024, Plaintiff initiated the above-captioned case against Defendants and Wausau Homes Incorporated ("Wausau") alleging breach of contract and related quasi-contract and negligence claims arising from the construction of a factory-built Wausau home. (Doc. #1). Defendants were served with summons and the complaint on July 28, 2024. (Docs. #4, #5).

Defendants' timely responses to the complaint were due August 19, 2024. However, Defendants failed to appear, plead, or otherwise defend in this action. The case proceeded against Wausau, which eventually led to settlement between Plaintiffs and Wausau in March 2026. (Doc. #113). On April 6, 2026, the Court ordered Plaintiffs to show cause why their claims against

Defendants should not be dismissed for failure to prosecute. (Doc. #114). Thereafter, on May 4, 2026, Plaintiffs moved for an entry of default against Defendants. (Doc. #116).

On July 16, 2026, the Court ordered Defendants to show cause why the Court should not grant Plaintiffs' motion for entry of default. (Doc. #121). Defendants did not timely respond to Plaintiffs' motion or the Court's Order to Show Cause. On August 28, 2026, the Court granted Plaintiffs' motion for entry of default (Doc. #122), and the Clerk entered default against Defendants. (Doc. #123).

On September 1, 2026, Plaintiffs filed the instant motion for default judgment. (Doc. #124). Plaintiffs ask the Court to enter default judgment against Defendants and award Plaintiffs economic and non-economic damages, attorneys' fees, and post-judgment interest.

On September 21, 2026, Defendant Scott Phillips filed a Suggestion of Bankruptcy, informing the Court he had voluntarily filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Iowa. (Doc. #127). Accordingly, the Court stayed all proceedings against Defendant Scott Phillips in the instant case pursuant to 11 U.S.C. § 362(a). (Doc. #128). As such, Plaintiffs' motion for default judgment against Defendant Scott Phillips is denied without prejudice.

**ANALYSIS**

Federal Rule of Civil Procedure 55(b)(2) provides that the Court may enter default judgment against a party who has failed to plead or otherwise defend.

The Court finds that Defendant Phillips Builders, LLC was served with summons and the complaint in this action on July 28, 2024; that Phillips Builders has failed to enter an appearance, plead, or otherwise defend in this action, and that on August 28, 2026, the Clerk of this Court entered default against Phillips Builders under Rule 55(a). Because Phillips Builders has wholly

failed to participate in this litigation, default judgment is appropriate. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996).

Because Phillips Builders has failed to appear, the Court adopts all well-pleaded facts in the complaint as true, Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010), and finds these unchallenged facts establish Plaintiffs' causes of action. Marshall v. Baggett, 616 F.3d 849, 852-53 (8th Cir. 2010). As such, Plaintiffs have established Phillips Builders' liability, and Plaintiffs are entitled to prevail on the merits of their claims against Phillips Builders.

The Court further finds Plaintiffs have established their entitlement to economic damages in the amount of $282,345.71 for their breach of contract, breach of implied warranty, breach of covenant of good faith and fair dealing, fraud, negligence, and breach of express warranty claims; non-economic damages in the amount of $300,000 for their claims of fraud, violation of the Missouri Merchandising Practices Act ("MMPA"), negligence, and temporary nuisance; attorneys' fees in the amount of $98,525 pursuant to the MMPA; and post-judgment interest pursuant to 28 U.S.C. § 1961, which rate as of the date of filing is currently at 4.05%, as "calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" per the statute. In sum, the evidence and facts before the Court show the damages to Plaintiffs, as a direct result of Phillips Builders' liability, to be $680,870.71. Accordingly, it is hereby

ORDERED Plaintiffs' motion for default judgment is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. It is further

ORDERED judgment is entered in favor of Plaintiffs Joshua Temple and Jillian Temple against Defendants Phillips Builders, LLC in the amount of **$680,870.71.** It is further

ORDERED said judgment shall bear interest at a rate of **4.05%** per annum from this date forward.

IT IS SO ORDERED.

Dated: October 21, 2026

/s/ Brian C. Wimes
BRIAN C. WIMES, CHIEF JUDGE
UNITED STATES DISTRICT COURT